JOHN McENIRY ET AL.

V.

TOWN OF CANOE CREEK.

*Highways—Ditch as Obstruction—Proceeding by Town to Recover Penalty—Instruction to Find Defendants Guilty.*

In a proceeding by a town to recover a penalty for obstructing a highway by digging a ditch therein, the court below improperly directed the jury to find the defendants guilty, there being no evidence fairly tending to prove one of them guilty.

[Opinion filed December 19, 1888.]

APPEAL from the County Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. McENIRY & McENIRY and SWEENEY & WALKER, for appellants.

Messrs. W. H. ALLEN and M. M. STURGEON, for appellees.

*Per Curiam.* This case is brought here on appeal by appellants and the judgment of the court below is sought to be reversed on various grounds. The appellants were convicted below for digging a ditch in a public highway and "washing" the roadway with water. This case was before this court at a former term on appeal of the Town of Canoe Creek, and is reported in 23 Ill. App. 267. The judgment was reversed for an error in an instruction, though on the merits of the case the court held the defendants liable, upon proper proof of their digging the ditch. The case was again tried and on the trial the court directed the jury to find all three of the defendants guilty, and the jury rendered a verdict accordingly and fined the defendants three dollars. The defendants, at the time, excepted to this instruction. Judgment was rendered against all the defendants by the court after overruling a motion for a new trial. Defendants now bring the case here and allege, among other things, that the court erred in directing the jury to find the defendants guilty. In this we think there was error. There was, in fact, no evidence showing or fairly tending to show that William McEniry had anything to do with digging the ditch or throwing water on the road. All the evidence that tends to implicate him was the statements of one or two witnesses that they heard one or both his brothers swear, on a former trial, that "we did it," and the

further fact that Wm. McEniry did not go on the witness stand and deny it. This proof is wholly insufficient to commit him. But, even if the proof fairly tended to show his guilt, and was of such a character that he might have been convicted upon it, still, he had a right to have the jury pass upon his guilt or innocence as a question of fact, and it was error for the court to deprive him of this right.

We see no other error in this record. The questions pressed upon our attention by appellants are not other or different from what they were when the case was before us before, and we see no reason for changing the views then expressed in our published opinion.

For the error suggested above the judgment is reversed and the cause remanded.

*Reversed and remanded.*